ELLEN CANNON AND CORNELIUS CANNON v. LUCY
E. BIRNEY.

**No. 301.**

CIVIL PROCEDURE—*where summons quashed on last day of term
without plaintiff objecting, court cannot afterwards acquire
jurisdiction of defendant by sustaining motion to rehear,
filed seven days later.* Where, upon a motion to set aside sum-
mons and service, evidence is offered and judgment rendered
that "such summons be and the same is hereby quashed and set
aside and declared null and void, at the costs of the plaintiff," and
no objection or exception is made to the judgment, *held*, that a
motion for a rehearing, filed seven days after the adjournment of
the term of the court, does not give the court jurisdiction to re-
view such order and judgment.

Error from Leavenworth District Court. Hon.
Louis A. Myers, Judge. Opinion filed December 18,
1897. *Reversed*.

*C. F. W. Dassler* and *L. G. Hopkins*, for plaintiffs in
error.

*H. Miles Moore*, for defendant in error.

McELROY, J. This action was brought in the Dis-
trict Court of Leavenworth County by Lucy E. Birney
against Ellen and Cornelius Cannon. The petition
alleges a cause of action against the defendants for a
balance due on a promissory note. At the commence-
ment of the action, an attachment was issued at the
instance of the plaintiff, and levied upon real estate
in the city of Leavenworth. A summons was issued
to the sheriff of Arapahoe County, Colorado, for the
defendants, which summons and the service thereof
were quashed and set aside. Afterward, another sum-
mons was issued and served, and the defendants ap-
peared specially and filed their motions to quash and
set aside that summons and service. This motion

Cannon v. Birney.                189

Dec. 18, 1897.        Opinion.   McElroy, J.              E. Div.

was heard by the court at the December term, 1893, on March 10, 1894, on evidence and argument, and sustained, and judgment entered that " such summons be and the same is hereby quashed and set aside and declared null and void, at the costs of the plaintiff." The evidence introduced on the hearing of the motion is not in the record. The plaintiff neither objected nor excepted to the ruling and judgment of the court. On the same day the court adjourned for the term. No other summons actual or constructive was afterward served; and neither of the defendants ever entered a general appearance in the case.

After the adjournment of the December term of court, and on March 17, 1894, Lucy E. Birney filed a motion for a rehearing and to set aside the order and decision made by the court on March 10, for the reason that the court erred in sustaining the motion of the defendants. This motion for a rehearing was presented to the court at the April term, 1894. On the hearing of this motion, the defendants appeared by their attorneys, specially, and objected to the hearing of the motion, for the reasons, *first*, that the court had not power to hear or entertain the same; *second*, that the court had no power to review its decision made at the former term in the proceeding; *third*, that no summons in error had been served on the defendants, or their attorneys of record; *fourth*, that no petition in error had been filed. The court overruled the objections, and the defendants excepted. The case was set for trial on July 5, 1894. On that date a personal judgment was rendered by default against Ellen and Cornelius Cannon for $328.47 and interest, and the attached property ordered sold. The defendants, plaintiffs in error, present the case to this court for review by petition in error and a transcript of the record.

190 CANNON v. BIRNEY.

N. Dept.      Opinion.   McElroy, J.      6 Kan. App.

The plaintiffs in error contend that, when the court sustained the motion to quash the summons last issued in the case, and rendered judgment that "such summons be and the same is hereby quashed and set aside and declared null and void," such judgment was final; that this judgment terminated the controversy, at least until defendants were brought into court by summons duly served; and that the District Court had no power, at a subsequent term of court, to vacate and set aside such order.

The whole contention turns upon the question, Had the District Court authority to set aside and vacate the order and judgment, upon the motion for a rehearing filed seven days after the adjournment of the term? When the District Court quashed the summons, without objection or exception, and adjourned, the case was terminated. The defendants were not required to answer further, unless brought into court by legal service of process. There was no adverse party in court. This was a final order and judgment of the court. The motion for a rehearing was not filed within three days of the rendition of the judgment, nor at the same term of court. The reason assigned in the motion for a rehearing is, that the District Court erred in sustaining the motion of plaintiffs in error to quash the summons. This was error of law occurring at the trial of the issue presented by the motion to quash.

If she desired to question the correctness of the decision, it was necessary for the defendant in error to except, and to file her motion for a new trial, or make and file her bill of exceptions, during the December term of court, unless further time should be given. Not having done this, she waived any errors there may have been in the action of the court in sustain-

ing the motion, and she could not obtain a review at a subsequent term of court by this proceeding.

The court had no jurisdiction of the matter at the April term, and the judgment should be set aside.

The judgment is reversed and the case remanded.